## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ARSHAD AL-SABUR,**

      **Plaintiff,**         **:**

**v.**                              **Case No. 2:25-cv-252**
                                       **Chief Judge Sarah D. Morrison**
                                     **Magistrate Judge Kimberly A. Jolson**

**COLUMBUS CITY SCHOOLS, et al.,**         **:**

      **Defendants.**

## OPINION AND ORDER

Arshad Al-Sabur filed this suit alleging that the Columbus City Schools and Penny Roth discriminated and retaliated against him in violation of State and Federal law. (Compl., ECF No. 1.) Defendants filed a Motion for Partial Judgment on the Pleadings (Mot., ECF No. 10). Mr. Al-Sabur responded (Resp., ECF No. 11), and Defendants replied (Reply, ECF No. 12). In the alternative to his response, Mr. Al-Sabur filed a Motion for Leave to File an Amended Complaint (Mot. to File Am. Compl., ECF No. 11), and Defendants responded (Resp. to Mot. to File Am. Compl., ECF No. 13).

For the reasons below, Mr. Al-Sabur's Motion for Leave to File an Amended Complaint is **GRANTED**. Mr. Al-Sabur is **ORDERED** to file an amended complaint **within fourteen (14) days** from the date of this Order. The amended complaint shall not include any new causes of action or additional parties. The parties are **ORDERED** to meet and confer and to file a proposed amended case

schedule **within twenty-one (21) days** from the date of this Order. Defendants'

Motion for Partial Judgment on the Pleadings is **DENIED as moot**.

## I.    BACKGROUND[1]

Mr. Al-Sabur was hired as a teacher by Columbus City Schools ("CCS") in

August 2021. (Compl., ¶ 17.) At the time he was hired, Mr. Al-Sabur suffered from

several preexisting disabilities, such as bone degeneration, bone deformities, and

bipolar disorder. (*Id.*, ¶ 21.) Mr. Al-Sabur's disabilities compounded in November

2022 when he suffered torn rotator cuffs as the result of a workplace injury. (*Id.*,

¶ 55.) To make matters worse, when he visited a doctor to have his rotator cuffs

examined, he was diagnosed with diabetes. (*Id.*, ¶ 61.)

To help treat his new (and preexisting) disabilities, Mr. Al-Sabur went on

continuous FMLA leave. (*Id.*, ¶ 75.) He later requested several accommodations to

return to work to no avail and remained at home for months without pay. (*Id.*, ¶¶

76, 105, 134.) According to Mr. Al-Sabur, he could no longer reasonably remain

employed under the circumstances and was, therefore, constructively discharged in

March 2023. (*Id.*, ¶ 136.) He filed a charge of discrimination against CCS with the

Equal Employment Opportunity Commission, received a notice of his right to sue,

and initiated this action. (*Id.*, ¶¶ 10, 12.)

---

[1] At this stage in the litigation, all well-pleaded factual allegations in the
Complaint are taken as true. *See Bullington v. Bedford Cty.*, 905 F.3d 467, 469 (6th
Cir. 2018). The following summary draws from the allegations in the Complaint and
any documents integral to it.

Procedurally speaking, the Court issued a scheduling order requiring motions to amend the pleadings or to join additional parties be filed by June 30, 2025. (ECF No. 9.) Just two days later, Defendants filed their Motion for Partial Judgment on the Pleadings. (Mot.) In response, Mr. Al-Sabur included a Motion to File an Amended Complaint. (Mot. to File Am. Compl.) Both motions are now ripe for this Court's consideration. Because the Court finds Mr. Al-Sabur's Motion for Leave to File an Amended Complaint to be well-taken, the Court need not and does not address Defendants' Motion for Partial Judgment on the Pleadings.

## II.    STANDARD OF REVIEW

There are two rules applicable to Mr. Al-Sabur's Motion. First, Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule allows for a liberal policy in favor of granting amendments and "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Ultimately "[t]he decision whether or not to permit the amendment is committed to the discretion of the trial court." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But because Mr. Al-Sabur moved to amend after the Court's June 30, 2025 amendment deadline, he "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means that he must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). "This Court has noted that 'the touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order.'" *Huntington Natl. Bank v. AIG Specialty Ins. Co.*, No. 2:20-cv-256, 2021 WL 12303456, *2 (S.D. Ohio May 27, 2021) (Jolson, M.J.) (citations omitted).

## III. ANALYSIS

### A. Rule 15(a)

Mr. Al-Sabur has satisfied the first standard here. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Davis*, 371 U.S. at 182. Thus, where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Id*. It would be "contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of … mere technicalities." *Id*. at 181. The Court agrees.

For example, Defendants aptly point out that Mr. Al-Sabur did not mention (or attach) his original EEOC charge in the Complaint. (Reply, PAGEID# 96.) Rather, the only suggestion that an original might exist is that the referenced

charge is "amended." (Resp., PAGEID# 87.) But penalizing Mr. Al-Sabur for such a technical oversight would ignore the merits and elevate form over substance.

### B.    Rule 16(b)

The Court recognizes that Mr. Al-Sabur failed to address Rule 16(b) in his Motion but nevertheless finds that good cause exists here.[2]

"In evaluating good cause under Rule 16(b), Plaintiff's diligence is key." *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 459 (S.D. Ohio 2021) (Jolson, M.J.). The alleged deficiencies in Mr. Al-Sabur's pleading were identified two days after the pleadings closed and he requested leave to amend in his first response thereafter. (*See* Mot. to File Am. Compl.) The Court does not find a lack of diligence or undue delay here.

The Court further finds that Defendants do not stand to be prejudiced by amendment. Any attempt by Mr. Al-Sabur to remedy his failure to reference the original EEOC charge or alleged lack of specificity regarding his diabetes diagnosis will not result in new causes of action, additional parties, or novel theories of liability not already contemplated in the original Complaint. Thus, Defendants are unlikely "to incur significant additional costs in discovery or to develop a new litigation strategy." *AIG Specialty Ins. Co.*, 2021 WL 12303456 at *3. While the absence of prejudice does not equal good cause, the Court finds that the benefit of deciding this case on the merits far outweighs any potential prejudice to

---

[2] The Court takes this opportunity to note that Mr. Al-Sabur's counsel has also ignored this Court's standing orders. Pursuant to Standing Order I(C)(3), all "[c]itations to authority, the record, and the docket must be in-line with the cited text, not in footnotes."

Defendants. Thus, "pursuant to its 'broad discretion in deciding motions for leave to amend,'" the Court finds good cause exists here. *Id*.

## IV. CONCLUSION

For these reasons, Mr. Al-Sabur's Motion for Leave to File an Amended Complaint is **GRANTED**. Mr. Al-Sabur is **ORDERED** to file an amended complaint **within fourteen (14) days** from the date of this Order. The amended complaint shall not include any new causes of action or additional parties. The parties are **ORDERED** to meet and confer and to file a proposed amended case schedule **within twenty-one (21) days** from the date of this Order. Defendants' Motion for Partial Judgment on the Pleadings is **DENIED as moot**.


**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**