UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ARSHAD AL-SABUR,

      Plaintiff,

                        :

v.

                            Case No. 2:25-cv-252
                            Chief Judge Sarah D. Morrison
COLUMBUS BOARD OF           Magistrate Judge Kim Jolson
EDUCATION, *et al.*,

                        :

      Defendants.

## OPINION AND ORDER

Arshad Al-Sabur filed an Amended Complaint (Am. Compl., ECF No. 16) against the Columbus Board of Education[1] and Penny Roth alleging that they discriminated and retaliated against him when he was working as a teacher in the Columbus City Schools. Ms. Roth has moved to dismiss Count I of the Amended Complaint and the Board has moved to dismiss portions of Counts II and IV. (Mot., ECF No. 17.) The Motion is ripe for consideration.

## I.    ANALYSIS

### A.    Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[1] Although Columbus City Schools is named in the Amended Complaint, the parties stipulated that the proper defendant is the Columbus Board of Education. (ECF No. 24.)

(internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly,* 550 U.S. at 555.) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Additionally, in reviewing such a motion a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.      Dismissal of Count I against Ms. Roth

Count I is an FMLA retaliation claim against both Defendants.

Under the FMLA, employees who suffer from "a serious health condition that makes [them] unable to perform the function of [their] position" may take up to twelve weeks of leave per year. 29 U.S.C. § 2612(a)(1)(D). Employers may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). Nor may employers "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). "Employers who violate these provisions of the Act may be held liable to the employee for damages and other equitable relief." *Parks v. UPS Supply Chain Sols., Inc.*, No. 11-404, 2014 WL 414230, *6 (E.D. Ky. Feb. 4, 2014), *aff'd*, 607 F. App'x 508 (6th Cir. 2015).

Under the FMLA, an "employer" is a person engaged in commerce who employs 50 or more people. 29 U.S.C. § 2611(4)(A)(i). This definition includes "any person who acts, directly or indirectly, in the interest of an employer." 29 U.S.C. § 2611(4)(A)(ii)(I). A separate section explicitly subjects public agencies to the FMLA. 29 U.S.C. § 2611(4)(A)(iii). But the statute lacks clarity on which provisions apply to which categories of employers, so a circuit split has emerged regarding whether a public agency supervisor can be individually liable under the FMLA. *See Cornell v. Rogers*, No. 1:20-cv-973, 2021 WL 4844066, *4 (S.D. Ohio Oct. 18, 2021) (Black, J.) (discussing the split). The Sixth Circuit has definitively instructed that "the FMLA's text and structure reveals that the statute does not impose individual liability on public agency employers." *Mitchell v. Chapman*, 343 F.3d 811, 829 (6th Cir. 2003).

3

Mr. Al-Sabur concedes that, under *Mitchell*, his claim for damages against Ms. Roth is barred. He argues that his FMLA claim against Ms. Roth is proper to the extent he seeks equitable relief. (Resp., ECF No. 22, PAGEID # 181, citing *Cimerman v. Cook*, 561 F. App'x 447, 450 (6th Cir. 2014).) The equitable relief he seeks is an injunction requiring the Board of Education to abolish discrimination and retaliation, requiring allocation of funding and trained staff to implement changes, requiring removal of supervisors who engage in discrimination or other wrongful conduct, creating processes for investigating complaints, and requiring mandatory training for employees. (Am. Compl., PAGEID # 142).

As to Ms. Roth, Mr. Al-Sabur alleges that she is the workers' compensation coordinator, she was the point of contact with whom he discussed his non-workers' compensation injury, and she was involved in the denial of his two requests for accommodations. (*Id.*, PAGEID # 129.) Based on these allegations, he argues that Ms. Roth "had substantial control over [his] FMLA rights" and she is "an appropriate defendant for claims seeking equitable relief to remedy FMLA violations." (Resp., PAGEID # 182.) But he has not alleged that Ms. Roth has the authority or ability to carry out any of the equitable relief he seeks. Even if Ms. Roth had substantial control over his FMLA rights, he is not seeking an accommodation or reinstatement; he is seeking district-wide changes in funding, training, and staffing.

Count I against Ms. Roth is **DISMISSED**.

## B.    Dismissal of portions of Counts II and IV

Counts II and IV of the Complaint are disability discrimination claims brought under the Americans with Disabilities Act and Ohio law against the Board. Defendants argue the Court should dismiss Mr. Al-Sabur's allegations and claims relating to actions that occurred more than 300 days before he dually filed his charge of discrimination.

"Under the ADA, a claimant who wishes to bring a lawsuit claiming a violation of the ADA must file a charge of discrimination with the [EEOC] within 300 days of the alleged discrimination." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. §§ 12117(a), 2000e–5(e)(1); *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 853 (6th Cir. 2000)). And under Ohio law, a claimant who wishes to bring a lawsuit must have "first filed a charge with the Ohio civil rights commission … with respect to the practice complained of in the complaint for the civil action within the time period required under that section." Ohio Rev. Code § 4112.052(B)(1)(a). "Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of ... [an] ADA action." *Williams v. Nw. Airlines*, 53 F. App'x 350, 351 (6th Cir. 2002) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)); *Smith v. STERIS Corp.*, No. 1:24 CV 00319, 2024 WL 1656580, *6 (N.D. Ohio Apr. 17, 2024) (same under Ohio law).

"The exhaustion requirement is satisfied where the claim can be 'reasonably expected' to grow out of the factual allegations in the EEOC charge." *Fisher v. N-Stock Box, Inc.*, No. 1:23-cv-15, 2025 WL 1141842, *2 (S.D. Ohio Apr. 16, 2025)

5

(Hopkins, J.). The Sixth Circuit has referred to this as the "expected scope of investigation test." *See Wiegel v. Baptist Hosp. of E. Tennessee*, 302 F.3d 367, 380–81 (6th Cir. 2002). "Accordingly, 'where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that [additional] claim." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010) (citation omitted); *see Schwendeman v. Marietta City Schools*, 436 F. Supp. 3d 1045, 1059 (S.D. Ohio 2020) (Marbley, J.) ("Ohio courts 'look to regulations and cases interpreting the [ADA] for guidance in [their] interpretation of Ohio law." (citation omitted)).

Where, as here, a plaintiff files a charge of discrimination *pro se*, the charge must be liberally construed. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) ("[B]ecause aggrieved employees – and not attorneys – usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge."). At the same time, "[t]he charge must be 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Id.* at 361 (6th Cir. 2010) (quoting 29 C.F.R. § 1601.12(b)). While EEOC charges are meant to be liberally construed, the Sixth Circuit has made clear: "the liberal construction to be given charges filed by lay complainants pertains to legal and procedural technicalities. It cannot extend to include facts and claims not alleged." *Jones*, 209 F.3d at 854.

6

Mr. Al-Sabur dually filed a Charge of Discrimination with the EEOC and the Ohio Civil Rights Commission on August 22, 2023. (ECF No. 22-1.) The allegations in the Amended Complaint addressing conduct more than 300 days before the Charge was filed are in paragraphs 30–54, wherein Mr. Al-Sabur alleges that, in or around August 2022, he made a Report of Discrimination regarding co-worker discrimination and discrimination against students. (*See* Am. Compl., ¶¶ 30–54.) He claims that the Board of Education's failure to investigate his complaint is an adverse action.

Assuming the Board's failure to investigate was an adverse action, he concedes that it happened outside the limitations period for his ADA claim. (Resp., PAGEID # 183.) He argues the Board can still be held liable under state law, which allows two years from the alleged unlawful discriminatory practice to file a charge of discrimination. (*Id.*, PAGEID # 185 (citing Ohio Rev. Code § 4112.051(C)(2)).). But his Charge did not include the August 2022 disability discrimination allegation and that allegation could not be reasonably expected to grow out of the factual allegations he included in his Charge.

Mr. Al-Sabur's dually filed Charge states:

> I believe that I am a victim of retaliation and ADA. My employer was informed that I am handicapped and I have an ADA disability at my hire. I requested ADA accommodations from management, and my doctor requested accommodations for me as well. Based upon my employer breaking the law, I am forced to resign due to a lack of accommodations.

(ECF No. 22-1.) Mr. Al-Sabur alleged that he is disabled, that he and his doctor requested accommodations (that were apparently not granted), and, as a result, he

7

was forced to resign. He does not hint at any discrimination by co-workers or any failure to investigate complaints thereof – both of which occurred before he requested an accommodation. It cannot be said that it would have been reasonable to investigate Mr. Al-Sabur's August 2022 Report of Discrimination because that allegation is unrelated to what he included in his charge.

Accordingly, the portions of Counts II and IV related to the August 2022 Report of Discrimination are **DISMISSED**.

## II. CONCLUSION

Accordingly, Defendants' Motion for Partial Dismissal (ECF No. 17) is **GRANTED**. Count I is **DISMISSED** as to Ms. Roth and Counts II and IV are **DISMISSED** to the extent that they allege claims based on an August 2022 Report of Discrimination.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

8